UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MATTHEW ALEXANDER AMATO,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TRAVIS LOETHER, BLACKSTONE<br>POLICE DEPT., NORTH<br>SMITHFIELD POLICE DEPT,<br>　　　　Defendants. | No. 1:21-cv-00321-MSM-LDA |

# ORDER

The three defendants in this lawsuit have moved to dismiss for the second time (ECF Nos. 26, 27), averring that the plaintiff's Second Amended Complaint (ECF No. 24) fails to contain a plain statement of his claims and fails to state a plausible claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2), 12(b)(6). The plaintiff is *pro se* and therefore his Complaint deserves to be measured against a more lenient standard of pleading. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*per curiam*).

In considering the defendants' Motion to Dismiss the plaintiff's First Amended Complaint, the Court noted that it seemed a supplement to the original Complaint rather than a full-fledged, stand-alone Complaint. (Order, ECF No. 23). That is again true of plaintiff's second attempt to amend, and the Court once again extends him the leniency due a *pro se* plaintiff by considering all three documents – the

original Complaint (ECF No. 1), the First Amended Complaint (ECF No. 10), and the Second Amended Complaint (ECF No. 24) -- in its attempt to determine whether plaintiff has a viable claim that can pass muster under Fed. R. Civ. P. 12(b)(6).

In its previous Order, the Court conditionally granted the first set of Motions to Dismiss, and gave the plaintiff sixty (60) days in which to fix the following defects:

Constitutional "Right" of "Privacy"

Mr. Amato had failed to identify any source of such alleged right that might give rise to federal question jurisdiction. In addition, he set forth only a skeletal claim that the Blackstone defendants had "attempted" to gain information from his Facebook account. He has not added any substance to this claim in his Second Amended Complaint and it therefore remains deficient either to establish federal question jurisdiction or to satisfy the demands of Rule 12(b)(6).

State Law Tort Claims

None of the three state tort claims – for abuse of process, malicious prosecution[1] and defamation – were supported by specific factual assertions that could meet the elements of those causes of action. The Court in its Order laid out the elements that must be addressed by factual allegations, but the Second Amended Complaint ignores those state tort claims altogether. They therefore remain deficient.

---

[1] The malicious prosecution claim appears to be premature in any event. It is undisputed that the proceedings at issue are ongoing in the Commonwealth of Massachusetts, so Mr. Amato cannot plausibly claim the favorable termination that is an element of the common law tort. *Horton v. Portsmouth Police Dept.,* 22 A.3d 1115, 1121 (R.I. 2011).

For these reasons, all claims contained in Mr. Amato's Original and First Amended Complaints are dismissed.

This is not the end of the Court's review, however. In the Second Amended Complaint, Mr. Amato raises a handful of additional claims that now must be addressed. All but one, addressed below, fail under Rule 12(b)(6) for want of sufficient factual allegations. As the Court said in its earlier Order, "While a plaintiff need not plead 'detailed factual allegations,' there must be more than '"naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Legal conclusions "couched" as factual allegations are not sufficient. *Id.* At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriquenos Accion v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004).[2]

---

[2] In their initial Motion to Dismiss paperwork, the Blackstone defendants included a long narrative purporting to be the "background" facts giving rise to Mr. Amato's dissatisfaction and his lawsuit. As the Court pointed out in its initial Order at n.3, it reviews on a 12(b)(6) Motion only those facts pled in the Complaint and takes them, and the reasonable inferences flowing from them, to be true. A factual recitation such as that engaged in by the Blackstone defendants was inappropriate. In its Second dismissal Memorandum the same defendants have gone a step further: in an attempt to put those same facts before the Court, they have invoked "judicial notice" and attached as Exhibit B (ECF No. 27-3) a *23 page narrative* submitted in support of an application for a criminal complaint against Mr. Amato in the Massachusetts state courts. While the Court can and has taken judicial notice of Exhibits A and C, both simple docket sheets of criminal cases apparently pending against Mr. Amato, Exhibit B is not by a long stretch a document appropriate for judicial notice, except for the fact that such a document was filed. A Court can take judicial notice of pleadings and judicial history, but only "to establish the fact that related litigation has been initiated or to establish that the fact that documents have been filed in that related case." *Barnstable County v. 3M Company,* No. 17-40002, 2017 WL 6452245, at *4 (D. Mass. Dec. 18, 2017). Factual allegations in those pleadings cannot be accepted for the truth of the matter stated. *Id.* Even a judicial decision can be

3

The Second Amended Complaint includes claims for violations of Rhode Island and Massachusetts public records laws, citing R.I.G.L. § 38-2-3 and M.G.L. c. 66, § 10, but fails to include any specific allegations of when he sought records, why he was entitled to those records under each of these statutes, and from whom he sought them. All he alleges is that he sought records of "all previous lawsuits" filed against the Blackstone Police and did not get them. That is not enough. Additionally, he refers to an alleged "illegal search of [his] motorized vehicle during a traffic stop which resulted in theft of property which was later turned over to me." There are no further factual averments about this incident, giving the defendants no way to respond and giving the Court no way to assess whether such a claim can survive. All these several claims are dismissed.

The Second Amended Complaint alludes to actions by both North Smithfield and Blackstone police demonstrating bias and discrimination because of Mr. Amato's disability, but nowhere is there a description, even a rudimentary one, of the actions Mr. Amato believes violated the law. It fails to give the "fair notice" that Fed. R. Civ. P. 8(a)(2) requires. *Erickson,* 551 U.S. at 93. This claim is therefore dismissed.

Finally, there is but one claim that might have survived a Rule 12(b)(6) motion, and that is Mr. Amato's allegation that his home was forcibly entered without a warrant and searched. His Second Amended Complaint, while skeletal in factual allegations about this incident, asserts that "[the] North Smithfield Police failed to

---

judicially noticed only for the procedural history of a case, the fact that a case is pending, or to confirm a filing, but not to "discern the truth of the facts asserted within that filing." *Lopes v. Riendeau,* 177 F. Supp.3d 634, 667 (D. Mass. 2016).

have garnish [sic] a warrant under the red flag law in the state of Rhode Island prior to entering the premises or after entering the premises as well as before leaving property." (ECF No. 24, p. 1.) "North Smithfield Police Department did not have a proper warrant instead bullied their way into my home while breaking down my door." *Id.*

A warrantless search is presumptively unconstitutional. *DeMayo v. Nugent,* 517 F.3d 11, 15 (1st Cir. 2008). "[T]here can be no doubt that there is a presumption of unconstitutionality in warrantless searches of homes especially when no one consented to the search and no exigent circumstances were present." *Tavarez-Guerrero v. Toledo-Davila,* 573 F.Supp.2d 507, 515 (D.P.R. 2008). A Fourth Amendment claim is made out by "alleg[ing] that the police officers conducted a warrant-less search of [a] house." *Id.* at 513. If either consent or exigent circumstances justify an entry without a warrant, the burden is on law enforcement to come forth with that defense. *DeMayo,* 517 F.3d at 17.

However, this claim brought pursuant to 42 U.S.C. § 1983 cannot survive for other reasons. First, there is no assertion that any Blackstone police were involved in the entry, and for that reason the Fourth Amendment § 1983 claims against both defendant Loether and the Town of Blackstone are dismissed. With respect to North Smithfield, the unlawful entry claim is not brought against any individual, but rather against the Town. It lacks the essential elements of a § 1983 claim that can be sustained against a municipality. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-

5

94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  This claim against North Smithfield is therefore dismissed.

    For the variety of reasons stated above, the defendants' Motions to Dismiss (ECF No. 26 and 27) are GRANTED, and all of Mr. Amato's claims in this lawsuit are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

January 11, 2022